UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*
------------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/10/2015

14-MD-2543 (JMF)
14-MC-2543 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

      This opinion addresses a thorny — and somewhat unsettled — issue in multi-district litigation ("MDL"): the effect of a consolidated complaint, brought on behalf of a putative class, on the underlying complaints of those not named in in the consolidated complaint.  It arises in the context of an MDL pending before this Court, relating to defects in the ignition switches and other features of certain General Motors vehicles and associated recalls.  In complex MDLs like this one, involving hundreds of individual complaints and thousands of plaintiffs, consolidated complaints can be critical case management tools, helping to organize and clarify what claims and defenses are being pursued, thereby enabling the parties to conduct discovery more efficiently and providing an effective vehicle for motion practice with respect to common issues of law and fact.  At the same time, however, a court presiding over an MDL must take steps to ensure that efficiency does not trump fundamental fairness and that the desire for certainty does not deprive any individual party of substantive rights.  Having recently entered an Order clarifying the effect of consolidated complaints (the "Consolidated Complaints") filed in this MDL on individual complaints (Order No. 50 (14-MD-2543 Docket No. 875), attached as Exhibit 1), the Court provides this Opinion to describe the background leading up to, and

rationale behind, that Order — in the hopes that doing so will provide the parties and other courts

presiding over complex MDLs with helpful guidance.[1]

## BACKGROUND

On June 12, 2014, the Judicial Panel on Multidistrict Litigation (the "JPML") issued an

order transferring fifteen actions to this Court for "coordinated or consolidated pretrial

proceedings" pursuant to Title 28, United States Code, Section 1407.  (14-MD-2543 Docket No.

1).  All actions pending before the JPML at the time of its initial Order asserted economic loss

claims against General Motors, LLC ("New GM") based on an ignition switch defect in certain

General Motors vehicles, one that "causes the vehicle's ignition switch to move unintentionally

from the 'run' position to the 'accessory' or 'off' position, resulting in a loss of power, vehicle

speed control, and braking, as well as a failure of the vehicle's airbags to deploy."  (*Id*. at 1-2).

Since then, the JPML has expanded the scope of actions transferred to this MDL to encompass

personal injury and wrongful death claims (*see* Transfer Order (14-MD-2543 Docket No. 505) 1

n.1), as well as economic loss claims based on both ignition switch defects and other alleged

defects, on the theory that "there will be discovery that is common to the MDL and to" such

actions (Transfer Order (14-MD-2543 Docket No. 519) 1).  To date, the JPML has issued

forty-seven transfer orders; the total number of cases in the MDL, including cases directly filed

in this Court, is now up to 210, brought by several thousand Plaintiffs.  New cases continue to

be transferred to and filed in the MDL nearly every week.

Complicating matters, when the JPML created this MDL, there was parallel litigation

occurring before the United States Bankruptcy Court for the Southern District of New York

---

[1]     This Opinion is intended to explain and supplement Order No. 50; it is not intended to
modify or alter Order No. 50 in any way.

arising out of the 2009 bankruptcy of the General Motors Corporation (now called Motors Liquidation Corporation) ("Old GM").  Specifically, New GM had filed several motions to enforce before Bankruptcy Judge Robert E. Gerber, seeking to enforce the terms of a Sale Order and Injunction entered on July 5, 2009 (the "Sale Order"), pursuant to which New GM purchased the majority of the assets of Old GM "free and clear" of many of Old GM's liabilities.  New GM argued that the Sale Order barred many of the claims being pursued in this MDL, including any claims against New GM based on successor liability.  (*See* 09-BR-50026 (Bankr. S.D.N.Y.) Docket Nos. 2968, 12620).  (On April 15, 2015, Judge Gerber ruled on New GM's motions, holding that the Sale Order does enjoin certain Plaintiffs' claims in their entirety and other Plaintiffs' claims to the extent that they rely on acts or conduct by Old GM.  *See In re Motors Liquidation Co.*, 529 B.R. 510, 598 (Bankr. S.D.N.Y. 2015).  On June 1, 2015, Judge Gerber entered judgment and an order, pursuant to 28 U.S.C. § 158(d), and Fed. R. Bankr. P. 8006(e), certifying the judgment for direct appeal to the United States Court of Appeals for the Second Circuit.  (09-BR-50026 (Bankr. S.D.N.Y.) Docket Nos. 13177, 13178).  To date, at least three notices of appeal have been filed in connection with the judgment.  (09-BR-50026 (Bankr. S.D.N.Y.) Docket Nos. 13179, 13180, 13185).  Others are likely to follow.)

In that context, the Court entered Order No. 7 on August 7, 2014 (14-MD-2543 Docket No. 215), indicating that Lead Counsel should "review all existing complaints . . . and file a consolidated or master complaint with claims on behalf of the class or classes [of economic loss Plaintiffs], as appropriate."  (*Id*. at 2-3).[2]  The Court explained that "having a consolidated or

---

[2]      In Order No. 7, the Court expressed its view that consolidated or master complaints would be helpful only with respect to economic loss claims and complaints, and would not be "necessary or prudent with respect to personal injury and wrongful death claims" given, among other things, the likelihood of case-specific factual and legal issues.  (Order No. 7, at 2).

master complaint sooner rather than later would streamline and clarify the claims and help eliminate those that are duplicative, obsolete, or unreflective of developing facts or current law." (*Id.* at 3).  In addition, the Court reasoned that having a consolidated or master complaint would not only facilitate litigation in this Court, but would also help in the management and adjudication of New GM's motions to enforce in the Bankruptcy Court.  (*Id.*).  In a subsequent Order (Order No. 8), entered eight days later, the Court set a schedule for the filing of a consolidated complaint, ordering that Lead Counsel for Plaintiffs make available to all MDL Plaintiffs a draft version of the complaint within forty-five days and that Lead Counsel file a final version within sixty days.  (Order No. 8 (14-MD-2543 Docket No. 249) 5).  The Court provided that any Plaintiff could file objections to the consolidated complaint, and ordered that any such objections must be filed within seven days of the filing of the complaint.  (*Id.*).

On October 14, 2014, Lead Counsel filed two Consolidated Complaints.  (14-MD-2543 Docket Nos. 345, 347 (*errata* at 14-MD-2543 Docket No. 379)).  The first — which (excluding counsels' signatures) is 649 pages long — is based on purchases or leases of General Motors vehicles before July 11, 2009, the effective date of the Sale Order (the "Pre-Sale Complaint"). (Consol. Class Action Compl. Against New GM Recalled Vehicles Manufactured By Old GM & Purchased Before July 11, 2009 (Docket No. 347)).  The second, which is 686 pages long, is based on purchases or leases of General Motors vehicles after July 11, 2009 (the "Post-Sale Complaint").  (Consol. Compl. Concerning GM-Branded Vehicles Acquired July 11, 2009 Or Later (Docket No. 345)).  Naturally, but significantly, the Consolidated Complaints did not name as Plaintiffs every single Plaintiff who had filed an economic loss claim in the MDL.  Instead,

Accordingly, this Opinion and Order — like the Consolidated Complaints themselves — pertains only to economic loss claims and complaints.

each Complaint named only a subset of the economic loss Plaintiffs in this MDL as proposed

class representatives (*see* Pre-Sale Compl. 9-45; Post-Sale Compl. 8-52), and indicated that it

was brought on behalf of proposed nationwide classes of all persons who either bought or leased

certain General Motors vehicles within specified time periods.  (Pre-Sale Compl. 1; Post-Sale

Compl. 7-8).  Both Complaints also included a version of the following provision:

> This pleading neither waives nor dismisses any claims for relief against any
> defendant not included in this pleading that are asserted by any other plaintiffs
> in actions that have been or will be made part of this MDL proceeding, except
> by operation of the class notice and (with respect to any Rule 23(b)(3) class)
> any opt-out provisions on claims or common questions asserted in this
> Complaint and certified by this Court.

(Post-Sale Compl. 1; *see* Pre-Sale Compl. 2 (similar)).  No Plaintiffs objected to the

Consolidated Complaints after their filing.

In advance of the status conference held on November 6, 2014, the parties indicated in a

joint agenda letter that New GM took issue with the above-quoted language in the Consolidated

Complaints, on the theory that "any purported reservation of claims" was "inconsistent with and

improper under this Court's Orders."  (Joint Agenda Ltr. (Docket No. 376) at 4).  At the

conference, the Court noted that it had "come to [its] attention after the two consolidated

complaints were filed [that] there is some ambiguity in the MDL world or MDL context with

respect to what role the 'consolidated complaint' plays . . . that is to say, whether these

essentially supersede the individual complaints, at least until the time that remand comes into

play, as would be the case in ordinary litigation with an amended complaint, or if [in] essence

[they serve] some sort of administrative role more specific to the MDL context."  (Nov. 6, 2014

Hr'g Tr. (Docket No. 414) 106).  Lead Counsel agreed that the Consolidated Complaints were

intended to have superseding rather than administrative effect — a distinction discussed below

— and that they had reached a tentative agreement with New GM that "the complaints that are not in the consolidated complaint would be deemed dismissed without prejudice, and that [Plaintiffs] would be giv[en] a . . . deadline for filing any amendments [Plaintiffs] want to make." (*Id.* at 107). The Court directed the parties to continue meeting and conferring about the issue — and to consider whether the Court should give all Plaintiffs an opportunity to be heard with respect to the Consolidated Complaints' effect on their underlying complaints. (*Id.* at 108-09).

The Court revisited the issue at the next status conference, held on December 15, 2014. (Dec. 15, 2014 Hr'g Tr. (14-MD-2543 Docket No. 480) 16-39). Three days later, Lead Counsel and New GM submitted a joint proposed order regarding the Consolidated Complaints' effect on the underlying complaints; the Court entered the Order, designated Order No. 29, later that day. (Order No. 29 (14-MD-2543 Docket No. 477); Defs.' Resp. Opp'n Elliott, Sesay, & Bledsoe Pls.' Mot. Reconsideration MDL Order No. 29 (14-MD-2543 Docket No. 554) ("Defs.' Resp."), Ex. A). Order No. 29 provides, in relevant part, as follows:

> [A]ny economic loss allegations, claims, and defendant(s) not included in the Consolidated Complaints are hereby dismissed without prejudice (1) upon the effective date of this Order for complaints already transferred to or filed in MDL 2543, and (2) 60 days following the date of transfer or filing for complaints that are transferred to or filed in MDL 2543 after the date of this Order but prior to June 4, 2015. . . . If any plaintiff whose claims are dismissed pursuant to this paragraph objects to dismissal of his or her allegations, claims, or any defendant(s) not named in the Consolidated Complaints, then such plaintiff may seek leave with the Court to reinstate his or her allegations or claims or the addition of such dismissed defendant(s) upon a showing of good cause within 14 days of the dismissal without prejudice.

(Order No. 29 at 2-3). Attached to the Order as Exhibit A was a list of all the individual cases in the MDL asserting only economic loss claims (to be dismissed without prejudice in their entirety) or asserting mixed economic loss and personal injury claims (with respect to which the economic loss claims would be dismissed without prejudice).

The Order gave Lead Counsel until June 4, 2015 (since extended to June 12, 2015 (Apr. 24, 2015 Hr'g Tr. (Docket No. 944) 27)), to seek leave of Court to amend the Consolidated Complaints.  (Order No. 29 at 3).  Significantly, the paragraph immediately after the one quoted above also provided that "[a]ny claims and defendant(s) that are dismissed *without* prejudice and reinstated pursuant to the preceding paragraph, but which are not included in any amendment of the Consolidated Complaints filed by June [12], 2015, shall be deemed dismissed *with* prejudice as of the later of (a) June [12], 2015 or (b) 90 days following the date the complaint is transferred to or filed in MDL 2543."  (*Id.* (emphasis added)).  Finally, "[f]or any complaint transferred to or filed in MDL 2543 after June [12], 2015 (a 'Post-June [12], 2015 Complaint')," Lead Counsel were granted sixty days following the transfer or filing to seek leave to amend the Consolidated Complaints to add factual matter, claims, or defendants included in the underlying complaint. (*Id.* at 3-4).  If Lead Counsel did not seek such leave to amend, or if the requested amendment was denied by the Court, "then any allegations, claims, and/or defendant(s) in the Post-June [12], 2015 Complaint not included in the Consolidated Complaints shall be dismissed *with* prejudice at the expiration of the 60-day period or the Court's order denying the amendment, whichever occurs first."  (*Id.* at 4 (emphasis added)).

On January 2, 2015, Gary Peller — counsel for Plaintiffs in *Elliott, et al. v. General Motors LLC, et al.*, 14-CV-8382; *Sesay, et al. v. General Motors LLC, et al.*, 14-CV-6018; and *Bledsoe, et al. v. General Motors LLC, et al.*, 14-CV-7631 — filed a motion for reconsideration of Order No. 29 and, in the alternative, an objection to dismissal of his clients' claims pursuant to the procedures set forth in that Order.  (14-MD-2543 Docket Nos. 491, 494).  Mr. Peller argued, among other things, that (1) dismissal of individual Plaintiffs' claims pursuant to Order No. 29 threatened their due process rights (Mem. Law Supp. Reconsideration Order No. 29 *Elliott,*

*Sesay*, & *Bledsoe* Pls. (14-MD-2543 Docket No. 502) ("Peller Mem.") 4, 19); and (2) that most MDL courts do not treat consolidated complaints as superseding individual complaints and, in any event, do not dismiss claims of those plaintiffs not named in the consolidated complaints (*id.* at 20-24).  Mr. Peller also noted that, because the parties' joint proposed order entered by the Court had been submitted by Lead Counsel, not by Mr. Peller, and — pursuant to the Court's Individual Rules and Practices in Civil Cases, as well as Section VII of Order No. 8 — had not been submitted on ECF, he had not had an opportunity to be heard on its contents.  (*Id.* at 17 n. 34).  Notably, no other Plaintiffs objected to dismissal of their cases or claims.

The Court heard from the parties and Mr. Peller at the status conference held on March 13, 2015.  (*See* March 13 Hr'g Tr. (14-MD-2543 Docket No. 686) 61-83).  Following discussion of Mr. Peller's motion and objection, the Court reinstated the *Elliott*, *Sesay*, and *Bledsoe* Plaintiffs' claims and indicated that it planned to enter an amended order modifying and clarifying the effects of the Consolidated Complaints on underlying cases, effectively granting Mr. Peller's motion for reconsideration.  (*Id.*; Order No. 39 (14-MD-2543 Docket No. 671) § VII).  The Court directed the parties, in consultation with Mr. Peller, to submit an agreed-upon proposed amended order or competing orders (*id.*), which the parties did three weeks later.  (*See* 14-MD-2543 Docket Nos. 809, 810).  After reviewing the parties' submissions, the Court drafted its own proposed order — incorporating aspects of both sides' proposals — and gave the parties an opportunity to be heard with respect to the proposed order at the status conference held on April 24, 2015.  (14-MD-2543 Docket No. 855).  After the parties indicated that they had no objection to (or suggestions for) the proposed order (Apr. 24, 2015 Hr'g Tr. 29) the Court entered an amended version of Order No. 29 — namely, Order No. 50 — later that day.  (14-MD-2543 Docket No. 875).

Order No. 50 preserves Order No. 29 in one respect: It provides that any economic loss claims and complaints filed in the MDL as of the date of Order No. 29 that had been dismissed without prejudice pursuant to that Order (that is, all underlying economic loss claims and complaints except for the *Elliott*, *Bledsoe*, and *Sesay* complaints, which had been reinstated on March 13, 2015) remain dismissed.  (*Id.* ¶ 6).  Additionally, the Order establishes a system whereby individual economic loss complaints are dismissed without prejudice within a certain time after their direct filing in, or transfer to, the MDL, after Plaintiffs are granted an opportunity to object.  Finally, and significantly, the Order clarifies that its provisions "do not extinguish the claims of individual plaintiffs in the event class certification is denied, or the presentation of claims by individual plaintiffs who exclude themselves from any class that is certified, under procedures to be prescribed by the Court (after hearing from the parties) in connection with its class certification determinations."  (*Id.*  ¶ 3).  The Order further clarifies that all dismissals pursuant to the procedures of the Order are without prejudice, and tolls the statute of limitations for all Plaintiffs until the class certification phase.  Like Order No. 29, therefore, Order No. 50 is intended to facilitate management of the MDL by clarifying that the Consolidated Complaints do supersede individual complaints for purposes of pretrial proceedings (including motion practice) and ensuring that the parties do not have to file or litigate motions in hundreds of individual cases.  At the same time, Order No. 50 is intended to ensure that the administrative convenience provided by the Consolidated Complaints does not come at the expense of the substantive rights of any Plaintiffs not named in the Complaints.

When the Court granted Mr. Peller's motion for reconsideration of Order No. 29 at the March 13, 2015 status conference, it indicated it might issue a written opinion supplementing its oral reasons for granting the motion, on the theory that explaining the process and rationale

behind entry of what became Order No. 50 might prove useful to the parties in this MDL and to courts and parties involved in other complex civil litigation.  (*See* Order No. 39 § VII).  This is that opinion.

## DISCUSSION

Title 28, United States Code, Section 1407(a), enacted in 1968, provides that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).  Such transfer is warranted when the JPML finds that it would "be for the convenience of parties and witnesses and . . . promote the just and efficient conduct of such actions."  *Id*.  Promoting "the just and efficient conduct of such actions," however, is not necessarily an easy task, especially when, as here, MDLs involve hundreds of independent actions brought by thousands of plaintiffs.  "For it all to work, multidistrict litigation assumes cooperation by counsel and macro-, rather than micro-, judicial management because otherwise, it would be an impossible task for a single district judge to accomplish."  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (hereinafter, "*In re PPA*").  A district court must be afforded "broad discretion to administer the [MDL] proceeding as a whole," because "multidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts."  *Id.* at 1232.

Even as it engages in "macro" judicial management, an MDL court must not lose sight of the fact that an MDL is comprised of individual actions brought on behalf of individual litigants, each with his or her (or its) own — sometimes unique — rights and interests.  Moreover, for at least some actions and litigants, the MDL will serve as a way station rather than a final destination.  That is, although many MDLs ultimately result in some form of a global settlement,

not all do; and those that do settle often include cases with unique issues or claims that are not resolved by the global settlement or plaintiffs that are not within the scope of, or opt out of, the certified class or classes.  Significantly, pursuant to the terms of Section 1407, if any case or claim remains unresolved at the conclusion of pre-trial proceedings, it must be remanded back to the federal court from which it was transferred (absent a waiver).  Indeed, in the seminal case *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 31, 40 (1998), the Supreme Court re-affirmed the JPML's obligation, under Section 1407, to remand any cases not terminated before the conclusion of pre-trial proceedings — and, in doing so, invalidated a JPML rule permitting transferee courts to assign a member case to itself for trial.  It follows that there is a fundamental tension embedded in MDLs — between, on the one hand, facilitating effective motion practice, discovery, and resolution of *all* claims present in the MDL while, on the other hand, acknowledging (for purposes of eventual remand and otherwise) the individual character of all of the actions before an MDL Court.  Nowhere is that tension more apparent than in MDL courts' different treatment of consolidated or master complaints.

Consolidated or master complaints are not specifically mentioned in the Federal Rules of Civil Procedure.  Nevertheless, courts have interpreted Rule 42(a), which authorizes district courts to consolidate actions and to make such orders "as may tend to avoid unnecessary costs or delay," to authorize the filing of such complaints.  *See In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (citing *Katz v. Realty Equities Corp. of N.Y.*, 521 F.2d 1354 (2d Cir. 1975), and other cases).  MDL courts differ, however, in the treatment they afford to consolidated complaints.  Some judges have elected to treat consolidated complaints merely as an "administrative summary" of the claims to be presented, without an independent legal existence or effect.  *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590 (6th

11

Cir. 2013) (noting that in many MDLs, "the master complaint is not meant to be a pleading with legal effect but only an administrative summary of the claims brought by all the plaintiffs"). "When plaintiffs file a master complaint of this variety, each individual complaint retains its separate legal existence." *Id.*; *see also In re Nuvaring Prods. Liab. Litig.*, No. 08-MD-1964 (RWS), 2009 WL 2425391, at *2 (E.D. Mo. Aug. 6, 2009) (concluding that "the filing of the master consolidated complaint in this action was simply meant to be an administrative tool to place in one document all of the claims at issue in this litigation," and was not intended to be the subject of Rule 12(b) motion practice). Courts have adopted such an approach based on the concern that "a master complaint, if given the status of a traditional complaint, could be used to circumvent the remand requirement of 28 U.S.C. § 1407 by substituting itself for all individual actions filed in the MDL and thereby frustrate the intended effect of that statute as recognized in [*Lexecon*]." *In re Propulsid*, 208 F.R.D. at 141.

Alternatively, as the Supreme Court recently noted, parties in an MDL "may elect to file a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 n.3 (2015). "In such a case, the transferee court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings." *Id.* Under such an approach, the court treats the consolidated pleadings as "legally operative" and — should there be motion practice — may treat them as dispositive with respect to the common legal and factual issues that motivated the underlying cases' transfer to the MDL in the first instance. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 484 (S.D.N.Y. 2014). Particularly in large — and ever-expanding — MDLs like the one before this Court, the benefits of treating consolidated complaints as "superseding" are clear: It assists in "streamlining the litigation," *In re Global*

*Crossing, Ltd. Sec. Litig.*, No. 02-CV-910 (GEL), 2004 WL 2584874, at *3 (S.D.N.Y. Nov. 12, 2004); "controls the course and scope of the proceedings," *In re Katrina Canal Breaches Litig.*, 309 F. App'x 836, 838 (5th Cir. 2009) (per curiam) (internal quotation marks omitted); and facilitates efficient motion practice, *see generally In re WorldCom, Inc. Sec. Litig.*, No. 03-CV-4498 (DLC), 2005 WL 2403856, at *3 (S.D.N.Y. Sept. 30, 2005).

Like snowflakes, no two MDLs are exactly alike and, no doubt, whether to require the filing of a consolidated complaint and, if so, whether to treat such a complaint as "administrative" or "superseding" will depend on the particulars of a given MDL.  Thus, it is critical that the parties and the court make clear what species of pleadings are being used.  *Cf. Refrigerant Compressors Antitrust Litig.*, 731 F.3d at 591 ("The use of one term to describe two different types of pleadings leads to confusion. . . .  Plaintiffs often file something labeled a 'master complaint' without saying whether they mean to file an operative pleading or an administrative summary, prompting satellite litigation about the status of the documents submitted to the court.").  Where a consolidated complaint is intended to be legally operative, it is also critical for the court to make clear precisely what effect the filing of the consolidated complaint has on the underlying complaints so that the parties can take whatever steps are necessary to protect and preserve their substantive rights.  To streamline the litigation and eliminate duplicative claims and complaints, dismissal of the underlying complaints may be the preferred approach.  *See, e.g., Global Crossing*, 2004 WL 2584874, at *3 ("[G]iven the desirability of streamlining the litigation and eliminating duplicative cases that serve no purpose in light of the class actions being vigorously pursued by Lead Plaintiffs . . . the Court has put plaintiffs and their attorneys on clear notice that they must advise the Court, within a specified time limit, whether they object to consolidation and/or whether, after consolidation is ordered,

they continue to see a rationale for pursuing a separate complaint, on pain of dismissal.  The vast majority of plaintiffs have elected to withdraw their complaints in accordance with the consolidation order, and have consented to dismissal; a handful have timely stated reasons why their complaints, though consolidated with the principal action for pretrial purposes, should not be dismissed."); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 664 F. Supp. 2d 752, 770 (E.D. Mich. 2009) ("*Ford SCDS*") (dismissing "claims and defendants not enumerated" in the consolidated complaint).  But a court must make clear whether (and when) dismissal is *without* prejudice or *with* prejudice.

The former option — dismissal without prejudice — helps ensure that the rights and interests of individual parties will not be inadvertently compromised.  After all, an individual plaintiff can always seek to reinstate his or her lawsuit depending on what happens in the MDL (in particular, depending on what happens in the class certification phase of the MDL).  At the same time, dismissing without prejudice poses some risk to the principles of efficiency, certainty, and finality, as the parties in an underlying case could, in theory, sit idly by while discovery and motion practice take place with respect to the consolidated complaint only to reemerge and demand to start at (or near) square one.  *See Ford SCDS*, 664 F. Supp. 2d at 769 (concluding that dismissal of underlying complaints with prejudice was appropriate because "[a]llowing plaintiffs to silently pursue claims and parties not included in the [master complaint] poses substantial uncertainty in these proceedings, . . . contrary to the purpose of the MDL process").  By contrast, dismissal with prejudice provides more certainty and closure.  But it is plainly in some tension with the proposition that consolidation pursuant to Section 1407 is for "pre-trial" purposes only. *Cf. Refrigerant Compressors Antitrust Litig.*, 731 F.3d at 592 (holding that the filing of a consolidated complaint had the effect of merging the consolidated actions, but only for "the

duration of the pretrial proceedings," and emphasizing that "when the pretrial phase ends and cases not yet terminated return to their originating courts for trial [under Section 1407], the plaintiffs' actions [would] resume their separate identities").

Further, if premature, dismissal with prejudice can also jeopardize an individual party's rights and interests.  For example, if an underlying complaint is dismissed before the class certification stage, the plaintiff in that action cannot know whether he or she would want to opt out of a class (assuming a class is even ultimately certified and that the plaintiff would fall within the scope of the class) and go it alone, leaving him or her in the difficult position of not knowing whether to take steps to protect his or her rights.  Additionally, a dismissed party's claims are arguably extinguished, potentially precluding any recovery even in the event of a settlement. *See, e.g.*, *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action.") (internal quotation marks omitted); *Petition of Shavit*, 197 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) (noting that "a dismissal with prejudice is a complete adjudication on the merits, with *res judicata* effect," and accordingly "operates to bar another action on the claim that was so dismissed" (internal quotation marks omitted)).  Given that dismissal with prejudice is "a harsh remedy and is appropriate only in extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), it should not be undertaken lightly or prematurely.

Upon reflection, those were the problems created by this Court's original order regarding the effect of the Consolidated Complaints — Order No. 29.  As discussed above, that Order provided that, upon the filing of amended Consolidated Complaints by Lead Counsel (now due on June 12, 2015), any "claims and defendant(s)" reinstated pursuant to the procedures set forth

in the Order but not included in the amended Consolidated Complaints would be dismissed *with* prejudice.  (Order No. 29 at 3).[3]  The Order, however, provided no formal means by which a Plaintiff whose claims were left out of the amended Consolidated Complaints could object to Lead Counsel's omission, let alone object to dismissal of his or claims.  Equally important, because such dismissal was *with* prejudice, the Order had the unintended effect of potentially compromising the substantive rights of Plaintiffs whose claims were not included in the amended Consolidated Complaints.  That is, by virtue of being left out of the amended Consolidated Complaints, a Plaintiff might have been barred from pursuing his or her claims if a class was not ultimately certified; precluded from participating in — or recovering as part of — any class if ultimately certified; and prevented from opting out of a class and pursuing his or her claims separately if a class were ultimately certified.  In essence, therefore, Order No. 29 inadvertently left the fate of certain economic loss Plaintiffs in the hands of Lead Counsel: If Lead Counsel named a Plaintiff or included that Plaintiff's claims in the amended Consolidated Complaint, then that Plaintiff's rights would be protected and pursued; if Lead Counsel did not, then that Plaintiff's rights might be extinguished.[4]

---

[3]     Strictly speaking, Order No. 29 was silent with respect to the ultimate fate of complaints and claims that had been dismissed without prejudice but *not* reinstated.  It stands to reason that those complaints and claims would not have been treated more favorably than complaints and claims that had been reinstated upon a showing of good cause, so presumably they too would have been dismissed with prejudice.  The Court need not resolve the issue, however, as Order No. 29 has been superseded by Order No. 50.

[4]     The same was true of Order No. 29 with respect to Plaintiffs whose complaints are transferred to this MDL after the June amendment deadline: If Lead Counsel sought leave to amend the Consolidated Complaints again to include the claims of those Plaintiffs, then their rights would be preserved; if not, or if the proposed amendment was denied by the Court, then any claims brought in their individual complaints would be dismissed with prejudice.  (Order No. 29 at 3-4).

One solution to those problems, of course, would have been to require Lead Counsel to name every individual Plaintiff in the amended Consolidated Complaints or to include every underlying claim or theory in the amended Consolidated Complaints. *See, e.g.*, *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. 09-MD-2119 (JAT), 2011 WL 251453, at *11 (D. Ariz. Jan. 25, 2011) (directing the plaintiffs, "if they choose to seek leave to amend, to jointly file a proposed consolidated amended complaint together with the various plaintiffs whose actions are currently joined to this MDL"); *see In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 09-MD-2119 (D. Ariz.) Docket No. 1424, Ex. 3 (naming, in the consolidated amended complaint ("CAC"), what appear to be most if not all of the plaintiffs currently in the MDL); *see also In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. 09-MD-2119 (JAT), 2011 WL 4550189, at *1 (D. Ariz. Oct. 3, 2011) (noting that defendants' motions sought "to dismiss all seventy-two member cases which were directed to join the CAC"). In the Court's view, however, that "solution" would have caused even bigger problems. For one thing, it would run counter to the well-established principle that plaintiffs (here, represented by Lead Counsel) are "the masters of their complaints." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). Additionally, given the number of parties and the complexity of the issues in this MDL, such a requirement would have resulted in amended Consolidated Complaints that were significantly more unwieldy and complex than the existing Consolidated Complaints (which — at 649 and 686 pages — are already pushing the envelope on the "short and plain statement" requirements of Rule 8 of the Federal Rules of Civil Procedure). Finally, and perhaps most significantly, although requiring Lead Counsel to file "kitchen sink" amended Consolidated Complaints might protect the rights of all individual Plaintiffs, doing so would significantly compromise the efficiency that the MDL process was intended to provide. Among other things,

it would inevitably require litigation of claims or theories that might not ultimately be pursued — and by lawyers not necessarily committed to those claims or theories to boot.

Instead of taking that suboptimal approach, the Court tried to strike a more appropriate balance in the Order that superseded Order No. 29 — namely, Order No. 50.  Like Order No. 29, Order No. 50 makes clear that the Consolidated Complaints (and the anticipated amended Consolidated Complaints) are legally operative — that is, that they are intended to be superseding rather than administrative.  (Order No. 50 ¶ 5).  Additionally, in the interests of efficiency and certainty, Order No. 50 reaffirms that any complaint or claim that was previously dismissed and not reinstated pursuant to the procedure set forth in Order No. 29 remains dismissed.  (*Id.* ¶ 6).  Unlike Order No. 29, however, Order No. 50 provides that "all dismissals are, unless and until the Court orders otherwise, without prejudice."  (*Id.* at 1).  It also gives Plaintiffs whose claims are not included in the amended Consolidated Complaints an opportunity to be heard by Lead Counsel and to object to dismissal of their claims.  (*See id.* at 1; *see also id.* ¶ 8).  And finally, in order "to protect the due process rights of economic loss plaintiffs," it expressly provides that "dismissal of their individual complaints in order to streamline these proceedings does not preclude such plaintiffs from (a) recovering as a member of any class that might be certified or (b) pursuing claims, should a plaintiff choose to do so, if no class is certified or if the plaintiff opts out of a class that is certified."  (*Id.* at 1; *see also id.* ¶ 3 ("The provisions of this Order do not extinguish the claims of individual plaintiffs in the event class certification is denied, or the presentation of claims by individual plaintiffs who exclude themselves from any class that is certified, under procedures to be prescribed by the Court (after hearing from the parties) in connection with its class certification determinations.")).

Admittedly, in light of those provisions, Order No. 50 does not provide the same degree of finality or certainty that Order No. 29 provided.  More specifically, in New GM's words, it does increase the risk of an individual Plaintiff "sit[ting] on the sidelines for a period of months or years, and then seek[ing] to force defendants to relitigate issues that already have been decided and to repeat activities that already have occurred."  (Apr. 3, 2015 Ltr. (14-MD-2543 Docket No. 810) 5).  In the Court's view, however, that is the price that must be paid to ensure that the due process rights of individual Plaintiffs are not trampled in the name of efficiency.  Moreover, Order No. 50 contains several provisions intended to mitigate and address such risks and help ensure that the MDL process will "promote the just and efficient" resolution of all member actions.  *See* 28 U.S.C. § 1407.  First, the Order provides that any ruling made with respect to the Consolidated Complaints "shall apply" to non-consolidated actions (that is, underlying complaints) unless a party shows cause, upon the motion of any party, why the ruling should not apply.  (Order No. 50 ¶ 12).  Second, the Order directs the parties to propose an additional order "to be entered after Plaintiffs file the amended Consolidated Complaints to ensure that motion practice and discovery with respect to common issues of fact and law are conducted as part of these MDL proceedings."  (*Id.* ¶ 9).  Through that order, the Court can and will take steps to ensure that a party cannot "sit on the sidelines" and expect to get discovery that could have and should have been obtained through the MDL and that motion practice with respect to common issues of law and fact is conducted by this Court as part of the MDL.

Finally, Order No. 50 contemplates further orders (including the possibility of dismissal of non-consolidated claims and complaints with prejudice) at or around class certification stage.  At that point, it will presumably be clear whether a class will be certified; and if so, whether a particular Plaintiff falls within the scope of the certified class.  Thus, individual Plaintiffs will be

able to take whatever steps are necessary to preserve and protect their claims with a better understanding of the consequences if they fail to do so.  As New GM notes, that does mean that certain important issues remain unresolved.  (Apr. 3, 2015 Ltr. (14-MD-2543 Docket No. 810) at 5).  But absent a better sense of what will occur at the class certification phase — including whether any class certification decisions by this Court will be appealed (*see* Apr. 3, 2015 Ltr. (14-MD-2543 Docket No. 809) 4) — setting procedures at this stage of the litigation would be premature at best and prejudicial to the parties at worst.  Accordingly, to protect the rights of plaintiffs and to avoid setting deadlines that would almost inevitably be subject to change, Order No. 50 provides that the Court will set such procedures "in connection with its class certification determinations," not now.  (Order No. 50 ¶ 3).

## CONCLUSION

In complex, multidistrict litigation of this sort, courts must grapple with — indeed, juggle — a host of challenges and considerations.  Among the most important of those challenges and considerations is striking the right balance between, on the one hand, protecting and preserving the rights and interests of individual litigants while, on the other hand, ensuring that such solicitude does not undermine the central purpose of MDL consolidation — namely, promoting "just and efficient" resolution of the parties' disputes.  28 U.S.C. § 1407(a).  In its effort to streamline the litigation, the Court's initial order addressing the effect of the Consolidated Complaints in this MDL — Order No. 29 — failed to grant appropriate weight to the former concern.  For the reasons stated above, however, the Court concludes that Order No. 50 — a copy of which is attached for ease of reference — does strike the right balance.

As noted, Order No. 50 contemplates entry of additional orders touching on these issues. Through those orders and others, the Court will undoubtedly refine the balance between the

individual and collective even further.  For now, however, the Court finds that Order No. 50 appropriately protects the interests of all individual parties while ensuring that the Court is able to "expeditiously and thoroughly resolve" the common legal and factual issues that motivated the JPML to transfer these cases here.  *In re Asbestos Cases of Hatch, James & Dodge, G. Patterson Keahey*, No. 06-CV-741 (TS), 2007 WL 582983, at *2 (D. Utah Feb. 20, 2007).

       SO ORDERED.

Dated: June 10, 2015
      New York, New York

                                            JESSE M. FURMAN
                                 United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*

-------------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/24/2015

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 50

JESSE M. FURMAN, United States District Judge:

**[Reconsidering and Amending Order No. 29**
**Regarding the Effect of the Consolidated Complaints]**

This matter is before the Court on the motion of the *Elliott*, *Sesay* and *Bledsoe* plaintiffs to

reconsider Order No. 29 (14-MD-2543 Docket No. 477), regarding the effect on the claims of

economic loss plaintiffs of consolidated complaints filed by Lead Counsel pursuant to Order No. 7

on October 14, 2014 (14-MD-2543, Docket Nos. 345, 347), and any amendments to those

Consolidated Complaints pursuant to the procedures set forth below. As noted in Order No. 39 (14-

MD-2543 Docket No. 671), the motion for reconsideration is GRANTED.

Specifically, upon due consideration of the parties' submissions and proposed orders (14-MD-

2543 Docket Nos. 809, 810; *see also* 14-MD-2543 Docket Nos. 502, 553, 554, 571), and having given

the parties an opportunity to comment on the Court's own proposed order (*see* Order No. 49, 14-MD-

2543 Docket No. 855), the Court determines that Order No. 29 should be: (1) clarified to specify that

all dismissals are, unless and until the Court orders otherwise, without prejudice; (2) modified to

provide a procedure to allow certain economic loss plaintiffs not named in the amended Consolidated

Complaints to challenge the dismissal of their claims; and (3) revised to protect the due process rights

of economic loss plaintiffs, such that dismissal of their individual complaints in order to streamline

these proceedings does not preclude such plaintiffs from (a) recovering as a member of any class that

might be certified or (b) pursuing claims, should a plaintiff choose to do so, if no class is certified or

if the plaintiff opts out of a class that is certified.

Accordingly, this Order supersedes Order No. 29 in its entirety, except that Order No. 29 remains intact insofar as it dismissed, without prejudice, the allegations, claims, and defendant(s) included in complaints that already had been transferred to or were filed in MDL 2543 as of the date of entry of that Order and not included in the Consolidated Complaints, which complaints were listed in Order No. 29, Exhibit A. (*See* 14-MD-2543 Docket No. 477; *see* ¶ 6, *infra*).

## Background

In Order No. 7, the Court directed Lead Counsel to review all the existing complaints and "file a consolidated or master complaint with claims on behalf of the class or classes, as appropriate. After doing so, any counsel who believed that their claims should have been included, but were not, would have an opportunity to object." The Court's intent was that the Consolidated Complaints "would streamline and clarify the [economic loss] claims and help eliminate those that are duplicative, obsolete, or unreflective of developing facts or current law." (Order No. 7 (14-MD-2543 Docket No. 215) at 3). In Order No. 8, the Court set a schedule for filing the Consolidated Complaints, which provided opportunities for other plaintiffs' counsel to submit comments on the draft Consolidated Complaints and to object to the final Consolidated Complaints. (Order No. 8 (14-MD-2543 Docket No. 249) at 5).

On October 14, 2014, Lead Counsel filed two Consolidated Complaints (14-MD-2543 Docket Nos. 345, 347). The first Consolidated Complaint asserts economic loss claims concerning GM-branded vehicles (manufactured by either General Motors Corporation ("Old GM") or General Motors LLC ("New GM")) that were acquired July 11, 2009 or later. The second Consolidated Complaint asserts economic loss claims for owners of vehicles manufactured by Old GM and purchased before July 11, 2009. In each, New GM was the sole defendant. Each of the Consolidated Complaints includes the following caveat:

This pleading neither waives nor dismisses any claims for relief against any defendant not included in this pleading that are asserted by any other plaintiffs in actions that have been or will be made part of this MDL proceeding, except by operation of the class notice and (with respect to any 23(b)(3) class) any opt-out provisions on claims or common questions asserted in this Complaint and certified by this Court.

(14-MD-2543 Docket No. 345 at 1; 14-MD-2543 Docket No. 347 at 2). The Consolidated Complaint as to vehicles manufactured by Old GM and purchased before July 11, 2009, further alleges that "[c]ertain claims for certain parties may, consistent with 28 U.S.C. § 1407 and the caselaw thereunder, be matters for determination on remand by transferor courts." (14-MD-2543 Docket No. 347 at 2).

The Court and certain of the parties are concerned that the above language in the Consolidated Complaints may create ambiguity as to the status of economic loss claims not asserted in the Consolidated Complaints. To clarify the effect of the Consolidated Complaints (and any amended Consolidated Complaints) on claims asserted in these MDL proceedings, the Court makes the following findings and adopts the following procedures.

### **General Provisions**

1.  In its June 9, 2014 Transfer Order transferring the MDL 2543 proceedings to this Court, the Judicial Panel on Multidistrict Litigation found that "[c]entralization under Section 1407 will eliminate duplicate discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re: General Motors LLC Ignition Switch Litigation,* 26 F. Supp. 3d 1390, 1391 (J.P.M.L. 2014).

2.  Order Nos. 7, 29, and this Order were and are intended to streamline and simplify the operation and management of MDL 2543 by reducing the need of the parties to file or respond to (and the Court to decide) pretrial motions in multiple underlying complaints. The Consolidated Complaints and their amendments are intended to bring together common allegations and claims asserted by economic loss plaintiffs in these MDL proceedings. The Consolidated Complaints have

been, and will continue to be, critical tools to organize and conduct motion practice, both here and in the Bankruptcy Court, to address class certification, and to manage the discovery process. They are the operative pleadings for these purposes.

3.　　The provisions of this Order do not extinguish the claims of individual plaintiffs in the event class certification is denied, or the presentation of claims by individual plaintiffs who exclude themselves from any class that is certified, under procedures to be prescribed by the Court (after hearing from the parties) in connection with its class certification determinations.

### **Procedures for Dismissal Without Prejudice**

4.　　As stated on the record at the status conference earlier today, Lead Counsel has until June 12, 2015 (*i.e.*, almost six weeks after May 5, 2015, the expected date for substantial completion of Phase One discovery pursuant to Order No. 20) to amend the Consolidated Complaints based upon discovery or other developments in the case, including the April 15, 2015 ruling — and any subsequent rulings — by the Bankruptcy Court. Thereafter, it shall be presumed that no further amendment will be permitted, except upon good cause shown as to factual matters and claims that are thereafter revealed by discovery or alleged for the first time in cases that are transferred to or filed in the MDL after the above-described deadline.

5.　　The Court has designated the Consolidated Complaints as the operative class action complaints in these MDL 2543 proceedings. The Court entrusts Lead Counsel with the identification and appropriate pleading of common claims asserted in the lawsuits consolidated in this MDL, after consultation with other plaintiffs' counsel, subject to the procedures for objections to be described in the paragraphs and sub-paragraphs below. Accordingly:

(a) By joining the Consolidated Complaints, those plaintiffs named in the Consolidated Complaints have amended their prior pleadings, and — to the extent they were not already dismissed pursuant to the terms of Order No. 29 — their underlying complaints are

dismissed without prejudice. The underlying complaints of any plaintiffs added to any amended Consolidated Complaints (*see* ¶ 4, *supra*) will be deemed dismissed on the date of the submission of those Complaints (*see* ¶ 7, *infra*).

(b) Lead Counsel shall provide a copy of any draft amended Consolidated Complaints by secure electronic means to counsel for each economic loss plaintiff fourteen (14) days prior to the amendment deadline. Plaintiffs' counsel will provide Lead Counsel with any comments or proposed changes seven (7) days prior to the amendment deadline.

(c) Plaintiffs will have fourteen (14) days from the filing of the amended Consolidated Complaints to object and Lead Counsel shall have fourteen (14) days to respond. Any such objections and responses shall not exceed five (5) single-spaced pages and shall be filed in both 14-MD-2543 and 14-MC-2543. No replies shall be allowed without leave of Court.

6.     With respect to complaints filed in or transferred to this MDL before December 18, 2014, allegations, claims, and defendant(s) not included in the Consolidated Complaints, as well as the complaints of plaintiffs not named in the Consolidated Complaints, were dismissed without prejudice effective December 18, 2014. (*See* Order No. 29, Ex. A). The time to object to that dismissal without prejudice of the cases identified on Order No. 29, Exhibit A having passed, all of those complaints — with the sole exceptions of the *Elliott*, *Bledsoe*, and *Sesay* complaints, which were reinstated by the Court on March 13, 2015 (*see* Order No. 39 (14-MD-2543, Docket No. 671) § VII) — remain dismissed.

7.     With respect to complaints filed in or transferred to this MDL since December 18, 2014, up until the time of the filing of the amended Consolidated Complaints, any allegations, claims and defendant(s) that are not included in the amended Consolidated Complaints shall be deemed dismissed without prejudice with respect to the plaintiffs named in such amended Consolidated

Complaints; and any allegations, claims and defendant(s) shall be deemed dismissed without prejudice with respect to plaintiffs who are not named in such amended Consolidated Complaints, unless such plaintiff not named in the Consolidated Complaints seeks leave of Court to reinstate his/her claims, for good cause shown, within fourteen (14) days of the filing of amended Consolidated Complaints. Lead Counsel shall file, concurrently with the amended Consolidated Complaints, a list of the allegations, claims, and/or defendant(s) to be dismissed without prejudice pursuant to this paragraph.

8.      With respect to claims transferred to or filed in MDL 2543 after the filing of amended Consolidated Complaints, Lead Counsel shall have 60 days following transfer or filing to seek leave to amend the Consolidated Complaints, for good cause shown, to address any factual matter, claims and/or defendant(s) raised for the first time in such pleadings. If Lead Counsel do not seek leave to amend the Consolidated Complaints within the 60-day period, or if the requested amendment is denied by the Court, then any allegations, claims, and defendant(s)  not included in the amended Consolidated Complaints shall be dismissed without prejudice at the expiration of the 60-day period or the Court's order denying the amendment, whichever occurs first, unless such plaintiff not named in the Consolidated Complaints sustains an objection to dismissal pursuant to the following procedure:

  a.  On August 15, 2015, and every month thereafter (*i.e.,*, on the fifteenth day of every month) until the Court orders otherwise, Lead Counsel and Counsel for New GM shall jointly submit a list of allegations, claims, and defendant(s) in later-filed complaints to be dismissed without prejudice pursuant to this paragraph.

  b.  Any such plaintiff not named in the Consolidated Complaints may seek leave of Court to reinstate his/her claims, for good cause shown, within fourteen (14) days of the filing of the list naming his/her complaint to object to dismissal. Lead

Counsel and New GM shall have fourteen (14) days to respond. Any such objections and responses shall not exceed five (5) single-spaced pages and shall be filed in both 14-MD-2543 and 14-MC-2543. No replies shall be allowed without leave of Court.

9.      The parties should meet and confer with an eye toward proposing an order to be entered after Plaintiffs file the amended Consolidated Complaints to ensure that motion practice and discovery with respect to common issues of fact and law are conducted as part of these MDL proceedings. Among other things, the proposed order should create a process requiring any Plaintiffs' counsel with allegations, claims, or defendants not included in the amended Consolidated Complaints to coordinate with Lead Counsel to ensure that discovery as to common issues of law and fact is completed as part of the MDL proceedings. Additionally, the parties should discuss whether, when, and how the Court should create a process to litigate the viability of allegations, claims, or defendants not included in the amended Consolidated Complaints.

10.     For any allegations, claims, and defendants that have been or will be dismissed pursuant to Order No. 29 or this Order, the statute of limitations shall be tolled from the date of dismissal to 30 days after the Court decides Lead Counsel's motion for class certification.

## Obligations of the Parties with Respect to Allegations, Claims, or Defendant(s) that are Reinstated Pursuant to the Preceding Paragraphs

11.     If any allegations, claims or dismissed defendant(s) are reinstated after dismissal without prejudice pursuant to Order No. 29 or this Order, such individual economic loss plaintiff shall serve, in accordance with Order No. 30 (14-MD-2543 Docket No. 758), a plaintiff fact sheet ("PFS") within 30 days of this Order or of such reinstatement, whichever is later. Other than the obligation to serve a PFS, any individual economic loss action that is not dismissed pursuant to Order No. 29 or this Order shall be stayed and no motion or responsive pleading to any allegations or claims or on behalf of a defendant reinstated by the Court shall be due unless and until ordered by the Court.

7

**Procedure for Objecting to Application of Rulings on the Consolidated Complaints to Underlying Actions**

12.　　In order to achieve the efficiencies of  consolidation while respecting the principle that consolidation may not diminish the rights of plaintiffs, the Court adopts the following procedure to apply rulings made on the basis of consolidated pleadings to non-consolidated actions (*i.e.*, actions involving plaintiffs not named in the Consolidated Complaints).  Rulings made with respect to the Consolidated Complaints shall apply to non-consolidated actions unless challenged as follows:  Upon the application of any party to these MDL proceedings — to be made no later than fourteen (14) days following a Court ruling on the Consolidated Complaints — a party in a non-consolidated action shall be required to show cause within fourteen (14) days why a ruling made on the basis of the Consolidated Complaints should not apply to the non-consolidated action.  The initial moving party shall then have seven (7) days to respond.  Absent leave of Court, any such show cause papers and responses shall not exceed five (5) single-spaced pages and shall be filed in both 14-MD-2543 and 14-MC-2543.  No replies shall be allowed without leave of Court.

　　　　SO ORDERED.

Date:　April 24, 2015
　　　　New York, New York

JESSE M. FURMAN
United States District Judge